(162 App. Div. 76)

### In re CARNEGIE TRUST CO.

### In re LEBAUDY.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

BANKS AND BANKING (§ 317*)—TRUST COMPANIES—INSOLVENCY—SECURITIES—BAILMENT—DELIVERY.

   Where the superintendent of banks, on taking possession of a trust company, found in its possession certain securities which it held for petitioner, the superintendent had no right to exact, as a condition of delivering the same, that petitioner execute a release of liability on the part of the trust company, the superintendent, and his deputy for wrongful detention, but he was only authorized to exact a receipt which would amount to an acknowledgment of the delivery of the securities.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

In the matter of liquidation proceedings of the Carnegie Trust Company. Application of Jacques Lebaudy to have returned to him 150 shares of stock of the Johannesburg Consolidated Investment Company, Limited. From an order denying petitioner's motion for an order requiring the superintendent of banks to release and turn over to

petitioner six warrants, for 25 shares each, of the capital stock of such corporation, petitioner appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Walter E. Ernst, of New York City, for appellant.

Frank M. Patterson, of New York City, for respondent Van Tuyl.

LAUGHLIN, J. On or about the 7th day of January, 1911, the superintendent of banks, pursuant to the provisions of section 19 of the Banking Law (Consol. Laws, c. 2), took charge of the Carnegie Trust Company for the purpose of liquidation. He found the warrants for the capital stock in question with the assets of the Trust Company; but on investigation a special deputy superintendent of banks determined that they had been left with the Trust Company "for safekeeping for account of" the appellant and that they belonged to him, and through his attorney he notified an attorney for the appellant that he held the warrants for the stock, and finally formally notified other attorneys for appellant that he was ready to deliver the warrants, but he required a receipt and release from appellant according to a form which he enclosed. The proposed receipt recites the facts, and provides that the appellant thereby releases and forever discharges the trust company, the superintendent and deputy superintendent of banks, both individually and officially, and "their successors and assigns, from any and all liability in connection with the said warrants for the said stock or for the detention thereof." The appellant has made no claim against the trust company or the superintendent or deputy superintendent of banks; but he denies their right to exact the receipt.

Since the superintendent of banks does not claim any right, by virtue of a lien or otherwise, to retain possession of the warrants, it is manifest that he has no right to exact, as a condition of delivering them, the execution of a release of liability on the part of the trust company, or of himself or of his deputy for wrongful detention. The appellant manifested a willingness to execute an ordinary receipt, and it is quite within the province of the superintendent in the circumstances to exact such a receipt, so that he may have an official record of the acknowledgment of the delivery of the warrants to the appellant.

It is very doubtful, however, whether the court, without the consent of the superintendent of banks, would be authorized to give any direction in the premises on the mere application of the claimant on notice. The Legislature has provided in said section 19 of the Banking Law for a summary application to the Supreme Court, in the nature of a special proceeding, *by the superintendent of banks* with respect to a disposition of unclaimed deposits or stock or other property, which has been left with the corporation or bankers, whose business he has taken charge of, as bailee for safe-keeping, where the same is not removed after notice by him, as therein provided; but that section contains no express provision authorizing the court to summarily direct, *on the application of the claimant,* the surrender of property by the superintendent of banks.

We think, however, that the superintendent of banks intended, by the affidavit presented by his deputy, to submit to the court for decision the question as to his right to exact the receipt and release in the form which he prescribed.   The deputy superintendent of banks in his affidavit draws attention to the fact that the proceeding is unprecedented, but says that he is willing to surrender the property and does not desire to raise any technical objection to the form of the application, "but only asks that he may be permitted to turn over said shares on the proper order of this court, releasing and discharging the superintendent of banks from any liability in connection with such shares of stock."   We construe that statement as a consent to the exercise of jurisdiction by the court as if the application had been made by the superintendent of banks.   Inasmuch as it appears that there was no substantial reason for the appellant's refusal to execute the receipt and release, and he is standing upon his technical legal rights, and the question is new, no costs will be imposed.

It follows that the order should be reversed, and motion granted, requiring the surrender of the warrants for the stock, upon the execution and delivery by the appellant to the superintendent or deputy superintendent of banks of a receipt therefor duly acknowledged.   All concur.